IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> NIKA SALAZAR, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION DATED JANUARY 23, 2022 <br><br> Case No. 2:19-cr-00384-CW <br><br> Judge Clark Waddoups |

This matter is before the court on Defendant Nika Salazar's letter motion filed on January 23, 2022. (ECF No. 324.) Ms. Salazar's motion references the First Step Act, the Second Chance Act, the prevalence of COVID 19 cases at her place of incarceration, and the fact that she had contracted COVID 19 herself, but it does not clearly indicate what relief Ms. Salazar is seeking or under what authority she is asking the court to act. (*Id.*)

To the extent Ms. Salazar's motion seeks relief under the Second Chance Act, the motion must be denied because the Second Chance Act does not grant the court any authority to grant Ms. Salazar relief. And to the extent Ms. Salazar's motion intended to seek a reduction in sentence under amendments made to 18 U.S.C. § 3582(c)(1)(A) by the First Step Act, the motion fails because Ms. Salazar has not shown that she exhausted her administrative remedies before seeking relief from the court.

Accordingly, Ms. Salazar's motion is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 21, 2021, Ms. Salazar pled guilty, pursuant to a Rule 11(c)(1)(C) plea agreement, to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. (ECF Nos. 272 and 273.) Under the terms of her plea agreement, Ms. Salazar stipulated to a 64-month prison sentence, which she agreed was a "reasonable sentence." (ECF No. 273 at 4.) The court accepted Ms. Salazar's plea agreement and, on July 7, 2021, imposed a sentence of 64 months imprisonment followed by 48 months of supervised release. (ECF No. 292 at 2-3.)

On January 31, 2022, Ms. Salazar filed a pro se motion with the court. (ECF No. 324.) The motion, however, did not clearly indicate what relief Ms. Salazar was seeking or what authority the court had to grant her relief. Instead, the motion alleged that there were a lot of active COVID 19 cases at Alderson Prison Camp, where she is incarcerated, and that she had contracted COVID 19 herself. (*Id.*) The motion also indicated that Ms. Salazar was "eligible for the First Step Act" and "would like to be considered for the Second Chance Act." (*Id.*) Finally, the motion asks the court to "look at my case to see if I am eligible," but does not specify what Ms. Salazar is seeking eligibility for.

On February 9, 2022, the Government filed a response to Ms. Salazar's motion, construing it as if it were a motion for compassionate relief seeking a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A). The Government opposed the motion on the grounds that (1) Ms. Salazar did not exhaust her administrative remedies before bringing the motion, (2) she failed to show the existence of extraordinary and compelling reasons for a reduction in sentence, and (3) a reduction in sentence would not be consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a).

In a report evaluating Ms. Salazar's eligibility for relief under Section 3582(c)(1)(A), the

probation office indicated that:

> [t]he defendant has not exhausted administrative remedies through the Bureau of Prisons which is a prerequisite for the Court to consider her for release under the First Step Act. Instead of requesting release, the defendant filed a request for home confinement with her warden.

(ECF No. 327 at 3.)

## ANALYSIS

**I.  The Court Has no Authority to Grant Relief under the Second Chance Act.**

Ms. Salazar's motion indicates that she would "like to be considered for the Second Chance Act" and asks the court to "look at [her] case to see if [she is] eligible." (ECF No. 324.)

The Second Chance Act was enacted in April 2008 and adopted several provisions aimed at combatting criminal recidivism. *See* Pub. L. 110-190, § 3, 122 Stat. 657, 658 (2008). Section 251(a) of the Second Chance Act made amendments to 18 U.S.C. § 3624, which concerns the release of prisoners, including the Bureau of Prisons' authority to place defendants in a community correctional facility or home confinement at the end of their term of imprisonment. *Id*. at § 251(a).

The Second Chance Act, however, did not grant district courts any jurisdiction to determine whether a prisoner serve the term of their imprisonment in a community correctional facility or under home confinement. Indeed, the Act expressly provides that an order or recommendation from a sentencing court regarding a prisoner's placement in a community correctional facility "shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person." *Id*. at § 251(b) (amending 18 U.S.C. § 3621(b).) *See also Moresco v. United States*, No. 92-1108, 1992 WL 372399, at *2 (10th Cir. Dec. 10, 1992) (unpublished) (district court did not have authority to modify defendant's sentence to include

3

placement in a halfway house and electronic home confinement).

Here, it is unclear what relief Ms. Salazar is seeking from the court under the Second Chance Act. The probation report indicates that Ms. Salazar filed a request with her warden for home confinement. To the extent Ms. Salazar has brought this motion seeking an order from the court that she be placed in home confinement, the court is without jurisdiction to grant such an order and Ms. Salazar's request is, accordingly, denied.

**II.     Ms. Salazar Failed to Show that she Exhausted her Administrative Remedies before Seeking Compassionate Relief.**

Ms. Salazar's motion could, alternatively, be construed to be seeking a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A).

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but that rule of finality is subject to a few narrow exceptions." *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (citation omitted, internal alteration omitted). One exception is provided in 18 U.S.C. § 3582(c)(1)(A), which allows courts to reduce a term of imprisonment upon a finding of extraordinary and compelling reasons.

The First Step Act amended Section § 3582(c)(1)(A) "to allow defendants to seek relief under the statute on their own, rather than depending on the Director of the BOP." *United States v. Hald*, 8 F.4th 932, 937 (10th Cir. 2021).  A defendant may file such a motion after she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or "30 days after the warden . . . received [the defendant's] request that the warden make a motion on [the defendant's] behalf, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

Here, Ms. Salazar has failed to demonstrate that she has exhausted her administrative rights

4

to appeal a failure of the Bureau of Prisons to bring a motion seeking a reduction in her sentence, or that she submitted a request to her warden seeking such a motion. As a result, Ms. Salazar has not met the prerequisites for having a request for a reduction of sentence considered by this court. Accordingly, the court must also deny Ms. Salazar's motion to the extent it seeks a reduction in sentence under Section 3582(c)(1)(A).

## **CONCLUSION**

For the reasons stated above, Ms. Salazar's motion (ECF No. 324) is denied without prejudice. If Ms. Salazar wishes to file another motion seeking relief relating to her sentence, she should clearly state in the motion what specific relief she is seeking and the legal authority under which the court can grant such relief.

DATED this 7th day of June, 2022.

BY THE COURT:

_____
Clark Waddoups
United States District Court